IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WOODBURCK NOE, #148475, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07-CV-886-MHT |
| | ) | [WO] |
| | ) | |
| BRENDA MARCUS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On October 18, 2007, Woodburck Noe ["Noe"], a state inmate and frequent litigant

in this court, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions

of 28 U.S.C. § 1915(a). *Plaintiff's Application to Proceed Without Prepayment of Fees -*

*Court Doc. No. 3.* However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not

allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or

more occasions, while incarcerated or detained in any facility, brought an action or appeal

in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury."[1]

---

[1]In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." The Court further "held that § 1915(g)'s language makes it clear that the three strikes rule applies to claims dismissed prior to the effective date of the PLRA. *Id.* at 728-30." *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

The records of this court establish that Noe, while incarcerated, has on at least seven occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The cases on which the court relies in finding a violation of the directives of § 1915(g) by Noe are as follows:  (1) *Noe v. McGraw*, Civil Action No. 2:95-CV-1195-T (M. D. Ala. 1995), (2) *Noe v. James*, Civil Action No. 2:94-CV-928-T (M.D. Ala. 1994), (3) *Noe v. Hunt, et al.*, Civil Action No. 2:94-CV-86-A (M.D. Ala. 1994), (4) *Noe v. Boyd, et al.*, Civil Action No. 2:92-CV-1350-A (M.D. Ala. 1992), (5) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-977-D (M.D. Ala. 1992), (6) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-711-H (M.D. Ala. 1992), and (7) *Noe v. Hunt, et al.*, Civil Action No. 2:92-CV-565-H (M.D. Ala. 1992).[2]

In the complaint now before the court, Noe challenges a disciplinary lodged against him by officer Brenda Marcus on September 18, 2007at the Bullock County Correctional Facility.  Noe further complains that "there is a conspiracy to have me deprived of my [constitutional] rights" by preventing access "to authorities or supervisors...." *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Finally, Noe maintains that "the Alabama Dept. of Corrections ... has failed to properly monitor [officer Marcus] ... to ensure she does not commit horrendous violations" of his rights as reported in his complaint.  *Id*.

The allegations made the basis of the instant complaint fail to demonstrate that Noe was in imminent danger of serious physical injury at the time he filed this complaint as is

---

[2]The requisite dismissals are indicated on the docket sheets maintained by this court in the referenced cases.

required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).

*Medberry v. Butler*, 185 F.3d 1189, 1193 (11ᵗʰ Cir. 1999) (a prisoner who has filed three or

more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present

imminent danger to circumvent application of the "three strikes" provision of 28 U.S.C. §

1915(g)).  Based on the foregoing, the court concludes that Noe's motion for leave to proceed

*in forma pauperis* is due to be denied and this case dismissed without prejudice as Noe failed

to pay the requisite filing fee upon the initiation of this cause of action.  *Dupree v. Palmer*,

284 F.3d 1234, 1236 (11ᵗʰ Cir. 2002)(emphasis in original) ("[T]he proper procedure is for

the district court to dismiss the complaint without prejudice wen it denies the prisoner leave

to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner

"must pay the filing fee at the time he *initiates* the suit.").

### CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by

Woodburck Noe on October 18, 2007 (Court Doc. No. 3) be and is hereby DENIED.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be

dismissed without prejudice for Noe's failure to pay the full filing fee upon the initiation of

this case.

It is further

ORDERED that on or before November 5, 2007 the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of October, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

4